## OWENS v. UNITED STATES.
### No. 3870.

United States Court of Appeals
Tenth Circuit.

Nov. 1, 1949.

O. O. Owens, pro se.

Ellis N. Slack, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General and Carlton Fox, Special Assistant to the Attorney General, appeared with him on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The United States brought this suit against O. O. Owens to enforce collection of deficiency income tax as determined by the Commissioner of Internal Revenue, and later affirmed by the Board of Tax Appeals and this Court. Owens v. Commissioner, 125 F.2d 210. The taxpayer challenges the validity of the assessment and decisions on the grounds of conspiracy to defraud. The trial court held that there was no evidence of fraud on the part of the Government, and that the valid and final judgment of this Court is not subject to collateral attack. The taxpayer has appealed.

On February 13, 1926, the Commissioner determined a deficiency in the taxpayer's income tax liability for the taxable year 1920. The taxpayer filed a petition with the Board of Tax Appeals for a review of such determination on the ground that it was erroneous. The Board consolidated this case with two proceedings pending before it involving the taxpayer's income tax liability for the taxable years 1923 and 1926. The Board affirmed the 1920 deficiency on October 8, 1932, but on July 29, 1938, vacated its order on taxpayer's motion alleging that his attorneys had no authority to represent him in that particular proceedings. The attorneys were concededly authorized to represent the taxpayer in the 1923 and 1926 cases, but the Board reasoned that since their authority to represent the taxpayer in the 1920 case was open to doubt, he should be given the benefit of it, and the case was accordingly restored to the calendar.

On February 13, 1941, the Board redetermined the 1920 deficiency in the amount of $28,260.61, together with interest in the sum of $25,872.39. On appeal to this Court from that decision, the taxpayer continued to challenge the validity of the 1920 deficiency, but contended that in any event since the delay before the Board was caused by the acts and omissions of certain attorneys who assumed to act for him without authority, and the Commissioner and the Board had knowledge of such fact, the Government was guilty of misconduct and the taxpayer should therefore be relieved from the payment of interest. This Court, however, affirmed the 1920 deficiency on its merits, and further held that the

Commissioner was in no manner responsible for the attorneys' assumption of authority to act, therefore interest was due on the account. Owens v. Commissioner, supra. The Supreme Court denied taxpayer's petition for writ of certiorari on June 8, 1942, 316 U.S. 704, 62 S.Ct. 1308, 86 L.Ed. 1772, and assessment was accordingly made against the taxpayer in the total amount of $54,133.00. When the taxpayer refused to pay the assessment, this suit was commenced to recover the same with accrued interest, less $350.00 previously paid by an unauthorized third party.

In his answer, the taxpayer admitted the allegations of the complaint, but alleged that the 1920 deficiency was a direct result of and arose out of frauds extraneous to the record, perpetrated pursuant to a prolonged and continuous series of conspiracies to blackmail and extract money from him by malicious prosecution, and that he was thereby denied an opportunity to be heard in defense against the alleged and pretended deficiency. On motion of the Government, the trial court entered an order striking from the answer all allegations relating to fraud and conspiracy. The taxpayer filed an amended answer, in which all reference to fraud and conspiracy was omitted, but denied that the deficiency was "lawfully" assessed, or that the Circuit Court of Appeals had "lawfully" affirmed the order of the Board.

The gravamen of taxpayer's defense in the trial of the case was the alleged fraudulent conspiracy between the unauthorized counsel who represented him in the 1920 proceedings before the Board and an assistant to the Chief Counsel of the Bureau of Internal Revenue. He specifically referred to certain stipulations entered into between them by which, he contended, they wrongfully prevented him from presenting a proper defense in the 1920 proceedings before the Board. Correspondence exchanged between the so-called unauthorized counsel and the taxpayer was introduced in evidence relating to the apparent misunderstanding as to their attorney and client relationship. But nothing in the correspondence referred to any agreement or plan between the attorney and any agent of the Government. Since the taxpayer appeared pro se, the trial court was infinitely patient in permitting him to introduce voluminous records and evidence, substantially all of which involved facts relating to the merits of the deficiency determination by the Commissioner for the taxable year 1920. The taxpayer also testified that as part of the conspiracy, the Commissioner misrepresented facts to the Board of Tax Appeals and fraudulently withheld certain information until just before the case was argued, thus preventing taxpayer from preparing a proper defense.

Finding that there was no evidence that any department of the United States had conspired to deprive taxpayer of his rights, the trial court was of the opinion that the taxpayer was attempting to relitigate issues which had been finally adjudicated in the litigation culminating in the decision of this Court. Owens v. Commissioner, supra.

■ It is true that in proper proceedings, equity will set aside a judgment obtained by fraud, regardless of its term of entry. However, because of reluctance to alter final judgments, such equitable power should be exercised only when the fraud is manifestly unconscionable. Hazel-Atlas Glass Co. v. Hartford Co., 322 U.S. 238, 64 S.Ct. 1281, 88 L.Ed. 1596. There is no evidence in the record here that the Commissioner fraudulently prolonged the prior litigation, or participated in any conspiracy to deprive the taxpayer of properly presenting his defense to the 1920 tax deficiency assessment. We so held in Owens v. Commissioner, supra, and it is binding upon the taxpayer for that purpose as well as on the merits of the deficiency assessment.

Taxpayer's allegation of fraud on the part of the Board and the Government agent has its genesis in the stipulation entered into between the so-called unauthorized counsel and the Government. Conceding that such stipulation might have been incorrect, it is of no moment here since the Board specifically found that it was unauthorized in its order vacating its prior opinion, and restored the case to the

calendar for another hearing in due course. The subsequent decision of the Board re-determining the deficiency was rendered after a full hearing, at which revised stipulations and evidence were adduced by the taxpayer and the Commissioner. All questions presented here have been formerly presented and decided adversely to the taxpayer, and they must stand.

Affirmed.